IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

STATE OF MISSOURI

| | |
|---|---|
| Theoda Mills, an individual, ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Jury Demand |
| ) | |
| St. Louis County Govt. ) | |
| Sharon Gardner, in her individual ) | |
| and Official capacity, ) | |
| Donald Edwards, in his individual ) | |
| and Official capacity, Joyce Theard ) | |
| in her individual and Official Capacity ) | |
| Steve Stenger in his Official Capacity ) | |

PETITION

Theoda Mills, for his petition against St. Louis County, Missouri et all states and alleges as follows:

1. This case arises under the Missouri Human Rights Act, RSMo. Sec. 213.010 et seq.,

(MHRA). Mills has dutifully filed his complaint and received a "right to sue letter" after exhausting all of his administrative remedies pursuant to the act.

2. Theoda Mills is a resident of St. Louis County., Missouri.

3. St. Louis County employs more than six employees in the State of Missouri such that it is an "employer" under RSMo. Sec. 213.010 (7).

4. Defendants, Sharan Gardner, Donald Edwards, Joyce Theard were acting on behalf of St. Louis County Govt. and were directly involved in the acts and omissions, and were acting in the course and scope of their duties for St. Louis County Govt. such that they were "employers" within the meaning of RSMo. Sec. 213.010 (7).

5. Steve Stenger, as County Executive, is the employer of Theoda Mills within the meaning of RSMo. Sec. 213.010(7). He has authorized aforementioned defendants to act under his direction and pursuant to his policy and procedure.

5. As the acts of discrimination took place in St. Louis County, Missouri Venue is proper in this court under MHRA.

6. St. Louis County illegally discriminated against Theoda Mills based on his disability, activity protected under the MHRA when they terminated his employment with the St. Louis County Department of Health.

7. St. Louis County requires all employees to comply with local, state and federal laws regarding employment practices.

8. At the time Mr. Mills had been a health inspector with the County for more than five years.

9. Mr. Mills had a severe allergy to shellfish.

10. Mr. Mills was over the age of forty at all times material hereto.

11. The defendants, Sharon Gardener, Donald Edwards and Joyce Theard were all aware of Mr. Mills' condition before he was fired.

12. The County and Gardener, Edwards and Theard refused to accommodate him.

13. Upon information and belief, St. Louis County, and defendants Gardener, Edwards and Theard regarded Mills as having physical impairment which substantially impaired one or more of his major life activities.

14. Despite being aware of Mr. Mills' allergy, his supervisors continually placed him on job assignments that would force him to come into intimate contact with shellfish.

15. On one or more occasions, such contact caused Mr. Mills to be overcome with illness and hospitalized for several days.

16. Following these incidents, Mr. Mills was repeatedly and continually treated differently than younger coworkers not suffering from or having a record of a disability and was made to work in a hostile work environment.

17. His work and performance were routinely criticized and he was subjected to abusive treatment and demotion by St. Louis County and his Supervision.

18. Mr. Mills suffered economic damages and emotional distress damages as a result of the discriminatory conduct of the defendants.

## COUNT ONE

### AGE DISCRIMINATION IN VIOLATION OF MHRA

20. Mills restates and incorporates by reference all preceding paragraphs of this petition.

21. As a direct and proximate result of St. Louis County et all's conduct, Mills has sustained damages in the form of lost income, loss of sick time and vacation time that

Electronically Filed - St Louis County - September 28, 2016 - 01:17 PM

should have been earned, emotional pain and mental suffering and anguish, inconvenience and loss of enjoyment of life.

22. St. Louis County's conduct was outrageous due to its evil motive and conscious and or reckless disregard for Mills' rights, entitling him to punitive damages.

23. Mills has been forced to engage the services of an attorney and is entitled to an award of attorneys' fees and costs due to defendants' conduct.

Wherefore, Plaintiff, Theoda Mills prays for judgment against St. Louis County, Gardener, Edwards and Theard for his actual and punitive damages, for an award of attorney's fees and costs, and for such other and further relief as the court deems just and equitable in the premises.

## COUNT TWO

### DISABILITY DISCRIMINATION IN VIOLATION OF THE MHRA

24. Mills restates and incorporates by reference all preceding pargraphs of this petition.

25. As a direct and proximate result of the St. Louis County and Gardener, Edwards and Theard's conduct, Mills has sustained damages in the form of lost income, including sick time and vacation time that could have been earned and emotional paint including mental suffering and anguish, inconvenience and loss of enjoyment of life.

26. The defendants' conduct was outrageous due to their evil motive and reckless disregard for Mills' rights, entitling him to punitive damages.

27. Plaintiff has been forced to engage the services of an attorney and is entitled to an award of attorneys' fees and costs due to defendants' conduct.

Wherefore, Plaintiff, Mills prays for judgment against the defendants for actual damages, punitive damages, attorneys fees and for such other and further relief as the court deems jus and equitable.

## COUNT THREE

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC SECT. 12101, et. Seq.("ADA").

28. Mills restates and incorporates by reference all preceding paragraphs of this petition.

29. Defendant is an employer within the meaning of 42 USC sect. 2000.e et seq.

30. Mills has satisfied all procedural requirements to commencing this action.

31. Venue is appropriate because the events that gave rise to this complaint occurred in this jurisdiction.

32. Mills is an individual with a physical impairment that substantially limits one or more major life activities.

33. St. Louis County and the codefendants, had a record of Mills' substantially limiting impairment.

34. As a direct and proximate result of Defenants' actions they violated his rights pursuant to the ADA/ADAA in that they failed to make reasonable accommodations to Mr. Mills so that he could retain his position, they demoted Mr. Mills and then terminated him.

35. Plaintiff has been forced to engage the services of an attorney and is entitled to an award of attorneys' fees and costs due to defendants' conduct.

Wherefore, Plaintiff prays for judgment against the defendants in the official and individual capacities for his actual, emotional and punitive damages, for an award of attorney's fees and costs, and for such other and further relief as the court deems just and equitable in the premises.

Respectfully submitted this

28 September 2016

/s/ Celestine Dotson
Celestine Dotson, #50633
*Attorney for the Plaintiff*
300 N. Tucker
Suite 301
St. Louis, MO 63101
Phone 314-454-6543
Fax 314-241-4943