UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODA MILLS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | )   Case No.  4:17cv0257 PLC |
| | ) |
| ST. LOUIS COUNTY GOVERNMENT, et al., | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions to dismiss filed by Defendants St. Louis County Government and Steven Stenger ("County Defendants") (ECF No. 7) and Defendants Sharon Gardner and Joyce Theard (ECF No. 19) (collectively, "Defendants").[1]  Plaintiff filed a memorandum in opposition to the County Defendants' motion to dismiss (ECF No. 9) and an amended memorandum in opposition to the motion to dismiss[2] (ECF No. 25).  Defendants filed replies to Plaintiff's memoranda in opposition to their motions to dismiss.  (ECF Nos. 10, 27).

**I.   Procedural and Factual Background**

On September 28, 2016, Plaintiff filed a three-count petition in the Circuit Court of St. Louis County against Defendants Gardner and Theard, in their official and individual capacities, and the County Defendants.  (ECF No. 3).  In the petition, Plaintiff alleged that Defendants: (1) discriminated against him on the basis of age in violation of the Missouri Human Rights Act (MHRA) (Count I); (2) discriminated against him on the basis of disability in violation of the MHRA (Count II); and (3) discriminated against him on the basis of disability in violation of the

---

[1] Plaintiff and the County Defendants consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  At the time of this memorandum and order, Defendants Gardner and Theard had not filed their consents.

[2] Plaintiff did not specify which motion(s) to dismiss his amended memorandum in opposition addresses.

1

Americans with Disabilities Act (ADA) (Count III). In support of these claims, Plaintiff stated that: he previously worked as a health inspector for St. Louis County; "had a severe allergy to shellfish"; was over the age of forty "at all times material hereto"; and, due to the allergy, suffered a "physical impairment that substantially limits one or more major life activities." Additionally, Plaintiff averred that Defendants: were aware of his shellfish allergy; refused to accommodate him; repeatedly assigned him jobs that forced him into contact with shellfish, causing him to become ill and require hospitalization; treated him differently than younger, allergy-free coworkers; subjected him to "abusive treatment," demotion, and termination; and, for the ADA claim, failed to make reasonable accommodations.

The County Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441, and filed a motion to dismiss the case with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, the County Defendants argued that: (1) Plaintiff's MHRA claims were untimely; (2) Plaintiff failed to exhaust his administrative remedies for his age discrimination claim; and (3) a shellfish allergy was not a disability under the ADA. (ECF Nos. 1, 7). The County Defendants attached Plaintiff's EEOC charge and right to sue letter as exhibits to their motion to dismiss.[3] (ECF No. 7-1, 7-2).

Plaintiff filed a memorandum in opposition to the County Defendants' motion to dismiss. (ECF No. 9). Plaintiff did not dispute the County Defendants' assertions either that his MHRA claims were untimely or that he did not exhaust his administrative remedies for age

---

[3] When considering a Rule 12(b)(6) motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). However, the Court may consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into one for summary judgment. Miller v. Redwood Toxicology Laboratory, Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quotation marks omitted). The Eighth Circuit has held that "an EEOC charge is part of the public record and may be considered on a motion to dismiss." Blakley v. Schlumberger Tech Corp., 648 F.3d 921, 931 (8th Cir. 2011) (citing Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002)). Accordingly, the Court may consider Plaintiff's EEOC charge in ruling on Defendants' motion to dismiss.

2

discrimination. Rather, Plaintiff contended that he pleaded sufficient facts to state a claim under the ADA. More specifically, Plaintiff argued that the Court could not properly determine whether his allergy constituted a disability under the ADA without a factual record establishing: (1) the "severity and breadth of the limitation"; and (2) whether the defendants perceived Plaintiff's allergy as a disability. Plaintiff urged the Court to deny the County Defendants' motion to dismiss or, in the alternative, grant Plaintiff leave to amend his pleadings.

In their reply memorandum, the County Defendants asserted that the Court does not require a more developed record as to the severity of Plaintiff's allergic reaction because, in Land v. Baptist Med. Ctr., 164 F.3d 423, 425 (8th Cir. 1999), the United States Court of Appeals for the Eighth Circuit held that a deadly peanut allergy did not constitute a disability under the ADA. (ECF No. 10). The County Defendants further asserted that Plaintiff failed to allege sufficient facts to support his claim that Defendants "regarded" him as disabled.

The remaining defendants, Sharon Gardner and Joyce Theard, then filed a motion to dismiss with prejudice and a memorandum in support of their motion to dismiss.[4] (ECF Nos. 19, 20). Defendants Gardner and Theard "incorporate[d] every reason and ground that was asserted in the Motion to Dismiss and supporting Memorandum of Law filed by their co-defendants as reasons and grounds for their own dismissal." (ECF No. 20). In addition, Defendants Gardner and Theard urged the Court to dismiss the ADA claim against them "because there is no individual liability under the ADA as a matter of law." (Id.).

Plaintiff subsequently filed, upon leave of the Court and over the County Defendants' objections, an amended memorandum opposing the motion to dismiss his MHRA claims for untimeliness. (ECF No. 25). In the amended memorandum, Plaintiff asserted that, under the

---

[4] At Plaintiff's request, the Court recently dismissed the case against another individual defendant, Donald Edwards. (ECF No. 26).

3

Missouri Supreme Court's decision in Farrow v. St. Francis Med. Ctr., 407 S.W.3d 579 (Mo. banc 2013), Defendants waived their challenge to the timeliness of his MHRA claim because they did not raise this issue "by writ of mandamus in the Circuit Court, where the case was initially filed." (ECF No. 25 at 1). Defendants Gardner and Theard filed a reply to Plaintiff's amended memorandum in opposition to dismissal of his MHRA claims, arguing that Farrow was inapposite and "there is no law whatsoever that requires defendants to file a separate lawsuit to challenge the timeliness of plaintiff's state court petition." (ECF No. 27).

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor. Id.

## III.    Discussion

### A. MHRA claims (Counts I and II)

Defendants moved to dismiss Plaintiff's MHRA claims for disability and age discrimination (Counts I and II) on the ground that they were filed out of time. (ECF Nos. 7, 8, 19, 20). In his amended memorandum in opposition to the motion to dismiss, Plaintiff argued that Defendants waived this claim because, under Farrow, a defendant must raise issues of

4

timeliness by writ of mandamus in the court "where the case was initially filed" or, in this case, the Circuit Court of St. Louis County. (ECF No. 25).

"Any action filed under the MHRA must be filed 'no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.'" Noel v. AT&T Corp., 936 F.Supp.2d 1084, 1091 (E.D.Mo. 2013) (quoting Mo. Rev. Stat. § 213.111.1). "This statute of limitation is strictly construed." Swartzbaugh v. State Farm Ins. Cos., 924 F.Supp. 932, 934 (E.D.Mo. 1995) (citing Hill v. John Chezik Imports, 797 S.W.2d 528, 580 (Mo.Ct.App. 1990)).

Plaintiff did not dispute the fact that he filed his state court action more than two years after the alleged cause occurred. Rather, he argued that, under the Missouri Supreme Court's decision in Farrow, Defendants have waived the defense of timeliness. In Farrow, the Plaintiff filed her administrative charge with the Missouri Commission on Human Rights (Commission) outside the 180-day time period established by Mo. Rev. Stat. § 213.175.1. Farrow, 407 S.W.3d at 586. The Commission issued the plaintiff a right to sue letter, and the plaintiff filed her petition in state court in accordance with the requirements of Mo. Rev. Stat. § 213.111. Id. at 588. The trial court granted the defendants' motions for summary judgment on the plaintiff's MHRA claims because it found that, due to the untimeliness of the administrative charge, the Commission lacked authority to issue the right to sue letter. Id. at 587. On appeal, the Missouri Supreme Court reversed, holding that: (1) the proper manner for challenging the timeliness of the administrative charge was by writ of mandamus "before the Commission issued the right to sue letter" or "in the time between its issuance and the filing of [the plaintiff's] state court action"; and (2) the filing of a timely administrative charge with the Commission was not a statutory prerequisite to a state court MHRA action. Id. at 590, 591.

5

Farrow is inapposite. In that case, the defendants argued that, because the plaintiff's administrative charge was untimely, the Commission lacked authority to issue the right to sue letter. Id. at 590. Here, the issue is not the timeliness of the administrative charge, but rather the timeliness of Plaintiff's state court action. The Farrow Court held that:

> the only requirements imposed by section 213.111 to file a claim under the MHRA are that: (1) an employee file a charge with the Commission prior to filing a state court action; (2) the Commission issue a right to sue letter; and (3) the state court action be filed within ninety days of the issuance of the right to sue letter but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

Id. at 591.

In his administrative charge, Plaintiff alleged that the discrimination occurred between May 1, 2013 and June 6, 2014. (ECF No. 7-1). On September 28, 2016, Plaintiff filed his state court petition containing the MHRA claims. (ECF No. 3). Because Plaintiff filed his petition more than two years after the latest alleged act of discrimination, his MHRA claims are untimely. Accordingly, Defendants' motions to dismiss Counts I and II are granted.[5]

   B. *ADA claim (Count III)*

Defendants argued that Plaintiff failed to state a claim for disability discrimination because a shellfish allergy did not constitute a disability as defined by the ADA. (ECF Nos. 7, 8, 19, 20). Additionally, Defendants Gardner and Theard requested the Court dismiss Plaintiff's ADA claim against them because "there is no individual liability under the ADA as a matter of law." (ECF Nos. 19, 20). Plaintiff countered that he pleaded sufficient facts to state a claim for disability discrimination under the ADA because he alleged that his allergy substantially limited major life activities and that his supervisors regarded him as disabled. (ECF No. 9).

---

[5] Because the Court dismisses Plaintiff's MHRA claim for age discrimination for untimeliness, the Court need not address Defendants' argument that Plaintiff failed to exhaust his administrative remedies for that claim. The Court notes, however, that Plaintiff does not dispute Defendants' failure-to-exhaust argument.

6

*1. Defendants Gardner and Theard*

As an initial matter, the Court will consider Defendants Gardner's and Theard's argument that there is no individual liability under the ADA. (ECF No. 19, 20). Plaintiff did not address Defendants Gardner's and Theard's assertion that he cannot maintain a cause of action against them under the ADA.

Title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101, 12111. Although the Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA, it has held that Title II of the ADA, which prohibits discrimination on the basis of disability by public entities, does not permit individual liability. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). See also Dinkins v. Correctional Med. Servs., 743 F.3d 633, 634 (8th Cir. 2014). In regard to Title I of the ADA, the Eighth Circuit observed that "three [Circuits] have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition."[6] Alsbrook, 184 F.3d at 1005 n.8. Moreover, this Court has repeatedly held that individuals are not liable under the ADA. See Favaloro v. BJC Healthcare, No. 4:14CV284 CAS, 2015 WL 6531867, at *4 (E.D.Mo. Oct. 28, 2015); Wilson v. Duckett Truck Ctr., No. 1:12CV85 SNLJ, 2013 WL 384717, at *2 (E.D.Mo. Jan. 31, 2013); Jones v. City of St. Louis, No. 4:12CV831 JCH, 2012 WL 5351744, *2 (E.D.Mo. Oct. 30, 2012).

Based on the above, the Court finds that Plaintiff cannot maintain a cause of action against Defendants Gardner and Theard for their alleged violations of the ADA. Therefore,

---

[6] Citing Butler v. City of Prairie Village, Kan., 172 F.3d 736, 744 (10th Cir. 1999); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); and EEOC v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1280-82 (7th Cir. 1995).

7

Defendants' motion to dismiss Count III is granted with respect to Defendants Gardner and Theard.

   *2. County Defendants*

County Defendants urged the Court to dismiss Plaintiff's Count III for failure to state a claim because a shellfish allergy does not constitute a disability as defined by the ADA. (ECF Nos. 7, 8). Plaintiff countered that he pleaded sufficient facts to state a claim under the ADA and County Defendants' motion to dismiss was premature because "no [] record has been produced to determine just how disabling [Plaintiff's] impairment is." (ECF No. 9).

To state a claim for disability discrimination under the ADA, an employee must demonstrate that he: "(1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability." Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013). The ADA, as amended by the Americans with Disabilities Amendments Act of 2008 (ADAAA), defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). See also 29 C.F.R. § 1630.2(g). Pursuant to the ADAAA, courts must construe disability "in favor of broad coverage of individuals . . . to the maximum extent permitted" by the law.[7] 42 U.S.C. § 12102(4)(A).

In Count III of his petition, Plaintiff alleged that Defendants violated the ADA by failing to provide him with reasonable accommodations so he could retain his position, demoting him, and terminating him. (ECF No. 3). With respect to a disability, Plaintiff alleged that: he "had a

---

[7] "The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual's impairment 'substantially limits' a major life activity." 29 C.F.R. § 1630.2(j)(1)(iii).

8

severe allergy to shellfish"; exposure to shellfish caused him "to be overcome with illness and hospitalized for several days"; his "physical impairment [] substantially limits one or more major life activities"; Defendants "had a record of [Plaintiff's] substantially limiting impairment"; and his supervisors were aware of his condition and regarded him "as having [a] physical impairment which substantially impaired one or more of his major life activities."[8] (Id.). The Court finds that Plaintiff alleged sufficient facts to allow the Court to draw a reasonable inference that Plaintiff was disabled within the meaning of the ADA.

In support of their position that a food allergy does not constitute a disability when allergic reactions are "infrequent and manageable," County Defendants cited Land, 164 F.3d at 425. In Land, the plaintiff alleged that the defendant violated the ADA when it refused to provide daycare services to the plaintiff's daughter, who had a severe peanut allergy. Id. at 424. The district court granted summary judgment to the defendant on the ground that a peanut allergy was not a disability under the ADA, and the plaintiff appealed. Id. In affirming summary judgment for the defendant, the Eighth Circuit reasoned that the peanut allergy did not substantially limit the child's major life activity of eating because "[a]lthough [the child] cannot eat foods containing peanuts or their derivatives, the record does not suggest that [she] suffers an allergic reaction when she consumes any other kind of food or that her physical ability to eat is in any way restricted." Id. at 425. The court further found that the allergy did not substantially

---

[8] "'[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working,' as well as operations of major bodily functions." Scheffler v. Dohman, 785 F.3d 1260, 1261 (8th Cir. 2015) (quoting 42 U.S.C. § 12102(2)). Plaintiff's petition did not identify which major life activities were impaired by his disability. Although a plaintiff cannot add factual allegations to a complaint by raising them in his memorandum in opposition to a motion to dismiss, see Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989), the Court notes that Plaintiff's response to the motion to dismiss stated that his shellfish allergy substantially limited his major life activities of eating and breathing. (ECF No. 9).

limit the child's major life activity of breathing because her "ability to breathe is generally unrestricted, except for the limitations she experienced during her two allergic reactions." Id.

County Defendants' reliance on Land is misplaced. First, that case is factually inapposite as it involves discrimination in public accommodations and not employment discrimination. More significantly, the Eighth Circuit decided Land prior to the enactment of the ADAAA, the purpose of which was to "abrogate certain Supreme Court rulings that improperly 'narrowed the broad scope of protection … originally intended under the ADA.'" Morriss v. BNSF Ry. Co., 817 F.3d 1104, 1110 (8th Cir.) (quoting 20 C.F.R. Pt. 1630, App'x § 1630.1(c)), cert. denied, 137 S Ct. 256 (2016). To achieve this goal, the ADAAA expanded the definition of disability and directed courts to construe disability "in favor of broad coverage of individuals under the [ADA]." 42 U.S.C. § 12102(4)(A). Given that the Land Court analyzed the child's alleged disability pursuant to an approach rejected by the ADAAA, that case is of limited assistance. See, e.g., Rotkowski v. Arkansas Rehab. Servs., 180 F.Supp.3d 618, 623-24 (W.D.Ark. 2016) (addressing a fragrance sensitivity as a disability under the ADA as amended by the ADAAA).

Finally, the Eighth Circuit decided Land on a motion for summary judgment, rather than a motion to dismiss. "Whether or not plaintiff can in fact *prove* that [his allergy] rises to the level of disability under the ADA is not at issue here, as a motion to dismiss is not the proper method for evaluating the merits of plaintiff's specific assertions." Whittaker v. America's Car-Mart, Inc., Case No. 1:13CV108 SNLJ, 2014 WL 1648816, at *2 (Mo.E.D. Apr. 24, 2014) (quotation omitted) (emphasis in original).

County Defendants also contended that Plaintiff's "allegations that defendants regarded [him] as disabled are insufficient to overcome a motion to dismiss." (ECF No. 8 at 5). County Defendants appeared to argue that, because Plaintiff alleged that Defendants regarded him as

10

disabled due to a shellfish allergy, and a shellfish allergy is not a disability, Plaintiff failed to allege that the defendants regarded him as disabled. However, Plaintiff need not actually have a disabling impairment to be "regarded as having such an impairment." Under the ADA, "[a]n individual meets the requirement of 'being regarded as having such an impairment' if [he] establishes that [he] has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity," as long as the impairment is not transitory or minor. 42 U.S.C. § 12102(3)(A)-(B). See also Scheffler v. Dohman, 785 F.3d 1260, 1262 (8th Cir. 2015). Here, Plaintiff alleged that his supervisors "were all aware of [Plaintiff's] condition before he was fired" and they "regarded [Plaintiff] as having [a] physical impairment which substantially impaired one or more of his major life activities." (ECF No. 3 at 2). This is sufficient to state a claim that Defendants regarded him as having a disability under the ADA. Accordingly, County Defendants' motion to dismiss Count III is denied.

## IV.   *Conclusion*

Plaintiff's claims for age and disability discrimination under the MHRA were untimely and must be dismissed. Plaintiff's ADA claims against Defendants Gardner and Theard are dismissed because they cannot be sued under the ADA.[9] As to Plaintiff's claim against County

---

[9] In his response to the County Defendants' motion, Plaintiff requested leave to amend if the Court grants the motion(s) to dismiss. See Fed. R. Civ. P. 15(a). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' there is no absolute right to amend [a] complaint." Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (citing Deutsche Fin. Servs. Corp. v. BCS Ins. Co., 299 F.3d 692, 700 (8th Cir. 2002)). "[I]n order to preserve the right to amend the complaint, a [plaintiff] must submit the proposed amendment along with [its] motion." Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985) (citing Wolgin v. Simon, 722 F.2d 389, 395 (8th Cir. 1983)). Here, Plaintiff did not file a motion to amend, submit a proposed amended complaint, or provide the substance of an amended complaint but "merely concluded [his] response to [County Defendants'] motion to dismiss with a request for leave to amend." Id. The Court therefore denies Plaintiff's request to amend the complaint.

11

Defendants for disability discrimination under the ADA, this Court finds that Plaintiff sufficiently stated a claim for relief under the ADA.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Gardner's and Theard's motion to dismiss (ECF No. 19) is **GRANTED** and the County Defendants' motion to dismiss (ECF No. 7) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the motions are granted with respect to Plaintiff's claims for discrimination based on age and disability under the MHRA (Counts I and II) and those claims are dismissed with prejudice.

**IT IS FINALLY ORDERED** that the motion is granted with respect to Plaintiff's claim for disability discrimination under the ADA (Count III) against Defendants Theard and Gardner, and the ADA claim is dismissed with prejudice against Defendants Theard and Gardner.  The case will proceed on Plaintiff's Count III against the County Defendants.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of July, 2017