UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODA MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17cv00257 PLC |
| ) | |
| ST. LOUIS COUNTY GOVERNMENT, ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Steve Stenger's and St. Louis County Government's ("County") second motion to dismiss pursuant to Rule 12(b)(6) [ECF No. 33]. Plaintiff has not filed a response to the motion. See Local Rule 7-4.01(B).

### I.    Procedural and Factual Background

Plaintiff originally filed a three-count petition against five defendants: County, Stenger, Sharon Gardner, Donald Edwards, and Joyce Theard. Plaintiff sued the four individuals in their official capacities and sued Defendants Gardner, Edwards, and Theard in their individual capacities as well. In the petition, Plaintiff sought monetary relief on the grounds Defendants: (1) discriminated against him on the basis of age in violation of the Missouri Human Rights Act (MHRA) (Count I); (2) discriminated against him on the basis of disability in violation of the MHRA (Count II); and (3) discriminated against him on the basis of disability in violation of the Americans with Disabilities Act (ADA) (Count III). In support of these claims, Plaintiff stated that: he previously worked as a health inspector for St. Louis County; "had a severe allergy to shellfish"' was over the age of forty "at all times material hereto"' and, due to the allergy, suffered a "physical impairment that substantially limits one or more major life activities."

Additionally, Plaintiff averred that Defendants: were aware of his shellfish allergy; refused to accommodate him; repeatedly assigned him jobs that forced him into contact with shellfish, causing him to become ill and require hospitalization; treated him differently than younger, allergy-free coworkers; and subjected him to "abusive treatment," demotion, and termination.

Defendants County and Stenger filed a motion to dismiss the case with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted ("first motion"). See mot. dismiss, filed Jan. 31, 2017 [ECF No. 7]. Specifically, County and Stenger argued that: (1) Plaintiff's MHRA claims were untimely; (2) Plaintiff failed to exhaust his administrative remedies for his age discrimination claim; and (3) a shellfish allergy was not a disability under the ADA.[1] Defendants Gardner and Theard subsequently filed a motion to dismiss, incorporating the reasons and grounds presented in the first motion.[2] See mot. dismiss, filed June 13, 2017 [ECF No. 19]. Additionally, Defendants Gardner and Theard argued the Court should dismiss the ADA claim against them "because there is no individual liability under the ADA as a matter of law."

The Court granted the motions to dismiss the MHRA claims as untimely. See Mem. and Order, filed July 24, 2017 [ECF No. 30]. Additionally, the Court granted the motions to dismiss Plaintiff's ADA claims against Defendants Gardner and Theard. In dismissing those ADA claims, the Court concluded that "Plaintiff cannot maintain a cause of action against" those individual Defendants based on case law holding "that individuals are not liable under the ADA" from: (1) the United States Court of Appeals for the Eighth Circuit addressing claims under Title II of the ADA against public entities regarding the provision or operation of public services,

---

[1] In his first motion to dismiss, Defendant Stenger did not seek to dismiss the ADA claim against him on the ground that individual liability is not available under the ADA.

[2] At Plaintiff's request, the Court dismissed Plaintiff's causes of action against Defendant Edwards, who is deceased. See Order of Dismissal, filed July 11, 2017 [ECF No. 26].

programs or activities, and (2) this district addressing claims under Title I of the ADA for employment discrimination. The Court denied the motion to dismiss Plaintiff's ADA claim against Defendants County and Stenger.

Plaintiff now has pending an ADA claim for employment discrimination against Defendants County and Stenger, sued in his official capacity only, for actual, "emotional," and punitive damages, plus attorney's fees and costs. In their second motion to dismiss under Rule 12(b)(6), County and Stenger move for dismissal with prejudice of: (1) Plaintiff's ADA claim against Defendant Stenger because Plaintiff "cannot maintain a cause of action against an individual under the ADA"; and (2) Plaintiff's request for punitive damages from Defendant County under the ADA "because punitive damages are not recoverable against a governmental entity under the ADA."

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A viable complaint must, however, include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the reviewing court must accept the plaintiff's allegations as true and construe them in the plaintiff's favor. Id.

### III. Discussion

A. Dismissal of ADA claim against Defendant Stenger

Defendant Stenger moves to dismiss the ADA claim against him based on this Court's earlier order dismissing Plaintiff's ADA claims against individual Defendants Gardner and Theard. In reaching its earlier decision, the Court relied on decisions in this district finding that: "[a]lthough the Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA [for employment discrimination claims], . . . the Eighth Circuit would determine that [employment discrimination] suits may not be brought against individual defendants under the ADA." Accord Mitchell v. Tyson Foods, Inc., No. 1:17cv00067 AGF, 2017 WL 3217139, at *2 (E.D. Mo. July 28, 2017) (first alteration in original) (internal quotation marks omitted) (quoting Favaloro v. BJC Healthcare, No. 4:14cv00284 CAS, 2015 WL 6531867, at *4 (E.D. Mo. Oct. 28, 2015)). "Additionally, this district has recognized that [ADA employment discrimination] claims against a[n individual] in his or her official capacity are duplicative of claims against an employer, as a suit against a[n individual] in his or her official capacity as an agent of the employer is treated as a suit against the employer itself." Jones v. City of St. Louis, No. 4:12cv00831 JCH, 2012 WL 5351744, at *2 (E.D. Mo. Oct. 30, 2012) (alterations added); see also Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010) (per curiam) (construing as a suit against the county a non-employment discrimination claim under Title II of the ADA against individual county employees sued in their official capacities). In light of this district's decisions dismissing ADA employment discrimination claims against individual defendants, and in the absence of Plaintiff's citation to any contrary authority, the Court grants Defendant Stenger's second motion to dismiss.

B. <u>Dismissal of punitive damages from ADA claim against Defendant County</u>

Defendant County asks the Court to dismiss Plaintiff's claim for punitive damages because the recovery of punitive damages from a "political subdivision" is prohibited, 42 U.S.C. § 1981a(b)(1). There is no dispute that the County is a political subdivision of the State of Missouri. See <u>Association of Cmty. Orgs. for Reform Now v. St. Louis Cty.</u>, 726 F. Supp. 747, 749 (E.D. Mo. 1989). The ADA allows an individual "alleging [intentional employment] discrimination on the basis of disability" under the ADA, 42 U.S.C. § 12117(a), to recover compensatory and punitive damages in addition to other authorized relief. 42 U.S.C. § 1981a(a)(2). However, an award of compensatory and punitive damages is subject to various statutory exclusions and limitations. <u>See</u> 42 U.S.C. § 1981a(a)(3) and § 1981a(b). Importantly, an individual alleging intentional employment discrimination under the ADA against "a government, government agency or political subdivision" may not recover punitive damages. 42 U.S.C. § 1981a(b)(1). Given the statutory provision precluding an award of punitive damages from a "political subdivision" and County's undisputed status as a "political subdivision of the State of Missouri," the Court grants Defendant County's second motion to dismiss.

After careful consideration,

**IT IS HEREBY ORDERED** that the remaining Defendants' unopposed second motion to dismiss [ECF No. 33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's ADA claim against Defendant Steve Stenger is **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's request for an award of punitive damages from Defendant St. Louis County Government under the ADA is **DISMISSED with prejudice**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of October, 2017