UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THEODA MILLS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17cv0257 PLC |
| ST. LOUIS COUNTY GOVERNMENT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion for Leave to Amend Plaintiff's First Complaint Dismissing Count One and Two of Plaintiff's Initial Complaint While Keeping Count Three and Adding an Additional Count."[1] (ECF No. 45) (hereinafter, "motion for leave to amend the petition"). Defendant St. Louis County ("County") opposes the motion. (ECF No. 47). For the reasons stated herein, the Court denies Plaintiff's motion for leave to amend the petition.

### I. Factual and Procedural Background

Plaintiff originally filed a three-count petition against five defendants: County, Stenger, Sharon Gardner, Donald Edwards, and Joyce Theard. Plaintiff sued the four individuals in their official capacities and sued Defendants Gardner, Edwards, and Theard in their individual capacities as well. In the petition, Plaintiff sought monetary relief on the grounds Defendants: (1) discriminated against him on the basis of age in violation of the Missouri Human Rights Act (MHRA); (2) discriminated against him on the basis of disability in violation of the MHRA; and (3) discriminated against him on the basis of disability in violation of the Americans with

---

[1] Plaintiff and Defendant County consented to jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

1

Disabilities Act (ADA). In support of these claims, Plaintiff stated that: he previously worked as a health inspector for St. Louis County; "had a severe allergy to shellfish"' was over the age of forty "at all times material hereto"' and, due to the allergy, suffered a "physical impairment that substantially limits one or more major life activities." Additionally, Plaintiff averred that Defendants: were aware of his shellfish allergy; refused to accommodate him; repeatedly assigned him jobs that forced him into contact with shellfish, causing him to become ill and require hospitalization; treated him differently than younger, allergy-free coworkers; and subjected him to "abusive treatment," demotion, and termination.

On July 24, 2017, the Court granted Defendants Gardner's and Theard's motion to dismiss. (ECF No. 30). The Court also granted in part the motion to dismiss filed by Defendants County and Stenger, dismissing with prejudice Plaintiff's claims for discrimination based on age and disability under the MHRA. (ECF No. 30). On October 23, 2017, the Court dismissed with prejudice Plaintiff's ADA claim against Defendant Stenger, as well as Plaintiff's request for an award of punitive damages from Defendant County under the ADA. (ECF No. 36). The sole remaining count in Plaintiff's petition is his ADA claim against Defendant County.

Pursuant to the Court's case management order, the deadline for amendment of pleadings was September 19, 2017. (ECF No. 32). Plaintiff's previous counsel filed a motion to withdraw on February 13, 2018, and his current counsel entered an appearance on February 23, 2018. (ECF Nos. 41 & 44). Discovery in this action closed on February 20, 2018. (ECF No. 32). Plaintiff filed his motion for leave to amend the petition on March 2, 2018. (ECF No. 45).

## II. *Discussion*

In his motion for leave to amend the petition, Plaintiff seeks to add a claim of constructive discharge under the MHRA. (ECF No. 45). In support of his motion, Plaintiff

asserts that "initial discovery review by new counsel has revealed evidence of constructive discharge under the [MHRA.]"[2] (ECF No. 45). In response, Defendant County argues that: (1) amending the petition "at this late date would prejudice [D]efendant and would disrupt the Case Management Order in place"; and (2) adding a claim for constructive discharge would be futile because it is untimely. (ECF No. 47).

Rule 15(a) provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

However, when a party seeks to amend a pleading after the deadline in the applicable case management order, Rule 16(b) requires "a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). Good cause requires a change in circumstance, law, or newly discovered facts. Peterka v. City of Maplewood, No. 4:14-CV-823 ERW, 2015 WL 2145342, at *2 (E.D.Mo. May 7, 2015). "The primary measure of good cause is the movant's diligence." Kmak, 873 F.3d at 1034 (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)).

---

[2] In his reply to the County's response to his motion for leave to amend the petition, Plaintiff asserts that he "is not seeking any additional discovery" and Defendant County is "not prejudiced in any way." (ECF No. 48). Because Plaintiff raised these arguments for the first time in a reply brief, they are not properly before the Court. See, e.g., Brown v. Kia Motors Am., Inc., No. 4:16-CV-755-AGF, 2018 WL 1397494, at *7 (E.D.Mo. Mar. 20, 2018); Valentine v. Midland Funding, LLC, No. 4:16-CV-1520-CDP, 2016 WL 7439215, at *2 (Dec. 27, 2016).

Where, as here, a party seeks leave to amend the pleadings beyond the case management order deadline, a court first considers whether good cause exists under Rule 16(b)(4). Nestle Purina Petcare Co. v. The Blue Buffalo Co., Ltd., No. 4:14-CV-859 RWS, 2016 WL 4272241, at *2 (E.D.Mo. Aug. 12, 2016). If good cause is established, a court will consider whether amendment is proper under Rule 15(a). Id. (citing Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)).

The Court's scheduling order established a September 19, 2017 deadline for amending the pleadings. Plaintiff moved for leave to amend the petition approximately seventeen months after filing the petition and nearly six months after the deadline for amending the pleadings. Plaintiff provides no reason for the delay in bringing a claim for constructive discharge under the MHRA other than its discovery "by new counsel." Plaintiff alleges neither a change in the law nor discovery of new facts justifying amendment at this time. See Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948-49 (8th Cir. 2012). Nor does Plaintiff provide any reason he could not have alleged the claim earlier. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (finding district court properly denied the motion to amend complaint where it was filed ten months after the court entered the scheduling order and seven weeks before the close of discovery and where plaintiff failed to provide a reason why punitive damages could not have been alleged earlier). The Court therefore finds that Plaintiff failed to demonstrate good cause for amending the petition beyond the deadline for amendment of pleadings. See, e.g., Hartis, 694 F.3d at 948-49; French v. Central Credit Serv., No. 4:16-CV-1654-RWS, 2017 WL 3105848, at *2 (E.D.Mo. Sept. 20, 2017).

Even if the Court were to consider the merits of Plaintiff's motion under Rule 15's more lenient amendment standard, the motion fails due to futility. See Geier v. Missouri Ethics

4

Comm'n, 715 F.3d 674, 678 (8th Cir. 2013) (proposed amendment properly denied where it was futile). A proposed amended complaint is futile if it "could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008).

"Any action filed under the MHRA must be filed 'no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.'" Noel v. AT&T Corp., 936 F.Supp.2d 1084, 1091 (E.D.Mo. 2013) (quoting Mo. Rev. Stat. § 213.111.1). "This statute of limitation is strictly construed." Swartzbaugh v. State Farm Ins. Cos., 924 F.Supp. 932, 934 (E.D.Mo. 1995) (citing Hill v. John Chezik Imports, 797 S.W.2d 528, 580 (Mo.Ct. App. 1990)).

This Court previously dismissed two of Plaintiff's claims, which alleged violations of the MHRA, because they were filed out of time. (ECF No. 30). Plaintiff's proposed constructive discharge claim is likewise untimely. In his administrative charge, Plaintiff alleged that Defendant County "accepted [m]y resignation and my employment was terminated on June 6, 2014."[3] (ECF No. 47-1). Plaintiff filed his petition approximately two years and three months later on September 28, 2016. Because the claim for constructive discharge under the MHRA untimely, it would be futile to allow Plaintiff to amend his petition.

Accordingly,

---

[3] The Eighth Circuit has held that "an EEOC charge is a part of the public record and may be considered on a motion to dismiss." Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011) (citing Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002)).

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend the petition (ECF No. 45) is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2018